**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

HAMZA GARFA,

      Petitioner,

      v.                                    Case No. 1:26-cv-02330 KWR-LF

WARDEN, *Torrance County Detention Facility*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso*,
*U.S. Immigration and Customs Enforcement*,
TODD LYONS, *Acting Director*,
*Immigration and Customs Enforcement*,
TODD BLANCHE, *Acting U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*of Homeland Security*,

      Respondents.

## <u>ORDER DENYING HABEAS PETITION</u>

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 1). Petitioner is a noncitizen in ICE custody. Petitioner asserts that his detention is prolonged and the immigration judge erred at the bond hearing. Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED.**

## BACKGROUND

Petitioner is a citizen of Tunisia in ICE detention at the Torrance County Detention Facility in New Mexico. Doc. 1 at 2, 5.  He entered the United States as a B-2 nonimmigrant visitor on or about June 26, 2013.  Doc. 1 at 2.  He remained in the United States past his authorized period of

stay, which expired September 24, 2015. *Id.* Petitioner asserts that he was taken into ICE detention on February 19, 2026.  Doc. 1 at 2.

Petitioner was arrested in 2017 and pled guilty to disorderly conduct.  Doc. 1 at 8. Petitioner was also arrested on June 14, 2019, on a charge of theft of services. Doc. 1 at 8. That charge was dismissed. *Id.*  On November 3, 2025 Petitioner was arrested for battery or assault involving his spouse. That charge was dismissed after the complaining witness declined to prosecute. Doc. 1 at 3. On January 12, 2026, Petitioner was arrested on a charge of Violation of Pretrial Release Conditions/Domestic Violence against the same victim, his spouse.  Doc. 1 at 8.  The state attorney entered a nolle prosequi.  Doc. 1 at 8-9.

On May 29, 2026 a bond hearing was held before an immigration judge.  The immigration judge denied bond, reasoning that Petitioner failed to show that he was not a danger to the community, and he denied bond as a matter of discretion.  Doc. 5-1 at 4-6. Petitioner appealed the denial of bond to the BIA. That appeal remains pending.  On July 10, 2026, the immigration judge filed a memorandum explaining his decision in greater detail. *See* Doc. 5-1. The Memorandum noted as follows.  Petitioner was arrested on November 3, 2025 for a charge relating to assault of a family member.  Doc. 5-1 at 5. The immigration judge noted that this was highly concerning. He noted that Petitioner continued harassing and threatening the victim in the assault case and was charged with Violation of Pre-trial Release Conditions on January 3, 2026. *Id.* The immigration judge also noted that Respondent was arrested in 2017 for the offense of Larceny.[1] *Id.* He acknowledged that Petitioner (1) asserted his innocence (2) and disputed the assault and harassment allegations. *Id.* The immigration judge found his claims of innocence to be

---

[1] Petitioner asserts that his 2017 conviction was for disorderly conduct, while he was arrested for (but not convicted of) theft in 2019.

unpersuasive. *Id.* at 6. He also noted that the spouse/victim filed a Non-Prosecution statement, saying that she did not want to see Petitioner prosecuted, but she did not say that the crimes did not occur. *Id.* The immigration judge concluded that Petitioner failed to carry his burden of demonstrating that he would not pose a danger to the community if he were released. Doc. 5-1 at 6. Finally, the immigration judge noted that Respondent entered on a visitor visa and failed to depart after the visa expired. He noted that this showed a disregard for immigration laws and reduced the Court's confidence that he would appear at hearings.

Petitioner asserts the following claims. First, Petitioner asserts that his prolonged detention violates due process, citing *Zadvydas.* Second, Petitioner asserts that the immigration judge's decision "Disregarded Material Exculpatory Evidence in the Record." Doc. 1 at 13. He also challenges his transfers between ICE detention facilities and the impact detention has had on his ability to prepare for his immigration proceedings. Petitioner is represented by counsel in his immigration proceedings and in this habeas case. *See, e.g.,* Doc. 5-1 at 4 (listing his counsel in bond decision).

## DISCUSSION

I. **Petitioner has not demonstrated that his detention is prolonged in violation of due process, or that he is entitled to further relief.**

Petitioner asserts that his detention is prolonged in violation of due process. Petitioner was placed into immigration detention in February 19, 2026. He received a bond hearing on May 29, 2026. Petitioner has not carried his burden to show that his detention is prolonged and violates due process, or that he is entitled to a second bond hearing or release. To be sure, some courts have held that noncitizens detained under § 1226(a) pending a decision on removal are entitled to another bond hearing after their detention becomes prolonged. The Second Circuit held that

detainees are entitled to an additional bond hearing after their detention becomes prolonged. *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020). On the other hand, the Third and Ninth Circuits found that noncitizens were not entitled to an additional bond hearing after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022). The Court need not decide which line of cases to follow. Here, Petitioner has been detained by ICE for less than six months. Petitioner has not demonstrated that this constitutes prolonged detention or violates due process. He received a bond hearing approximately two months ago, and therefore he has received the remedy for prolonged detention. Petitioner has not demonstrated that he is entitled to release over a bond hearing.

Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

4

Petitioner is also responsible for asserting his own arguments and claims, and the Court is not required to argue on his behalf or act as his counsel. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him."); *see also* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced."). Here, Petitioner failed to carry his burden to show a due process violation for prolonged detention. Moreover, Petitioner has not demonstrated that release is the appropriate remedy over a bond hearing for prolonged detention under § 1226(a).  Therefore, Petitioner failed to carry his burden or failed to properly present this issue to the Court.

To the extent Petitioner asserts that *Zadvydas* applies here, the Court disagrees. An immigration detainee "in custody in violation of the Constitution or laws or treaties of the United States" may seek habeas relief. 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678 (2001). Pursuant to the Immigration and Nationality Act, the Respondents must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2). The removal period begins when the removal order "becomes administratively final." *Id.* § 1231(a)(1)(B)(i).

Upon expiration of the initial removal period, the Respondents may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *Zadvydas*, 533 U.S. at 699. Continued detention

for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Respondents must then rebut the noncitizen's showing with evidence. *Id.*

Here, Petitioner has not asserted that a final order of removal has been entered.  Therefore, *Zadvydas* does not apply here.  *See Mwangi v. Terry*, 465 F. App'x 784 (10th Cir. 2012) (explaining that *Zadvydas* does not apply prior to entry of final order of removal).

## II.    **Petitioner has not demonstrated a due process violation at his bond hearing.**

Petitioner challenges his bond hearing, asserting that the immigration judge ignored exculpatory evidence. He appears to assert that the immigration judge's decision rested on a battery or assault charge which was dismissed. He notes that the complaining witness declined to prosecute, and evidence of dismissal of the criminal charge was in the record. Doc. 1 at 13. He also asserts that the immigration judge erred by relying on a dismissed 2017 criminal offense. Doc. 1 at 13. But the immigration judge acknowledged all of these facts in his Memorandum decision. *See* Doc. 5-1 at 4-6. Petitioner also asserts that the Memorandum omits discussing certain evidence in his favor.  The Court disagrees and concludes that Petitioner has not demonstrated that these errors, if any, amount to a due process violation.

First, the Court lacks jurisdiction to review a discretionary determination by an immigration judge in a bond decision. The release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings v. Rodriguez,* 583 U.S. 281, 295 (2018). Discretionary bond decisions are generally not reviewable. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under

this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…"). Here, the immigration judge denied bond, reasoning that he was a danger to the community. This was a discretionary decision.  Petitioner's assertion of error – the failure to weigh facts in his favor – ultimately boils down to a discretionary decision. Petitioner has not cited to any authority that an immigration judge is required to recite all facts or factors in their decision.

Second, assuming for the sake of argument that the Court has jurisdiction to hear claims regarding due process violations at a bond hearing, Petitioner has not demonstrated a due process violation. Petitioner asserts that the immigration judge failed to consider all of his evidence or expressly address the evidence in his decision. *See* Doc. 5-1 at 4-6. But the immigration judge considered the evidence in the record, and Petitioner has not shown that due process requires an immigration judge to recite all evidence which may bear on the *Guerra* factors. The immigration judge's memorandum states that "[t]he Court has familiarized itself with the entirety of the record and considered the submitted evidence and arguments presented, regardless of whether specifically mentioned in the text of this decision."  Doc. 5-1 at 5.

Petitioner has not cited to any authority that an immigration judge is required to recite all evidence in the record in their decision, or that the failure to recite all evidence in the record amounts to a due process violation. At the bond redetermination hearing, the immigration judge must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *In Re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006). The immigration judge may also consider various discretionary factors, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). The immigration judge has "broad discretion in deciding the factors that he or she may consider" and "may choose to give greater weight to one factor over others, as long as the decision is reasonable." *Id.* at 40. Here, the immigration judge did not commit a due process violation by putting more weight on some factors over others.

Petitioner appears to assert that the immigration judge erred by not relying upon his protestations of innocence, or erred by relying upon dismissed charges. But the immigration judge expressly addressed his assertion of innocence, finding it unpersuasive. Moreover, he does not cite to any authority that an immigration judge is prohibited from considering arrests which do not result in convictions.

Finally, Petitioner challenges his transfers between ICE facilities. He does not explain how his transfers between ICE facilities should result in his release. He asserts that his transfer impaired his ability to meaningfully participate in proceedings but he does not provide factual allegations

8

supporting that claim. Petitioner is represented by counsel in his immigration proceedings and in this habeas case. *See, e.g.,* Doc. 5-1 at 4 (listing his counsel in the bond decision).

The Court notes that Respondents filed a Motion to Dismiss in response to the Petition. The Court ordered Respondents to file an Answer to the Petition. Doc. 3. The Court construes the Motion to Dismiss as an answer and directs the Clerk's Office to terminate the Motion to Dismiss.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk's Office shall terminate the pending Motion to Dismiss (Doc. 5).

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

9